IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-02785-PAB

PMW, LLC,

    Plaintiff,

v.

ANKC SAN FRANSISCO, LLC,
ANDREW MILKS, and
SEAN WARD,

    Defendants.

---

### ORDER

---

The Court takes up this matter *sua sponte* on plaintiff's Amended Complaint for Replevin and for Other Relief [Docket No. 8] and plaintiff's 7.1 disclosure [Docket No. 2]. Plaintiff PMW, LLC ("PMW") asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Docket No. 8 at 2, ¶ 6.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to

challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  PMW asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Docket No. 8 at 2, ¶ 6.  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile."  *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Id*. at 1260.  While, at the pleading stage, the Court takes as true all "well-pled (that is, plausible, conclusory, and non-speculative) facts," *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008), the allegations regarding the citizenship of each of the parties are not well-pled.

The citizenship of a limited liability company is determined, not by its state of organization or principal place of business, but by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of

diversity, federal courts must include all the entities' members."). Plaintiff's amended corporate disclosure statement pursuant to Federal Rule of Civil Procedure Rule 7.1 discusses the citizenship of the "owners" of PMW and other LLCs. Docket No. 9 at 1-2, ¶¶ 1-3. However, in determining the citizenship of an LLC for jurisdictional purposes, the relevant inquiry is the citizenship of the LLC's members, not "owners." *See Siloam Springs Hotel, LLC*, 781 F.3d at 1237-38 (10th Cir. 2015). As such, PMW must supplement its 7.1 disclosures to address the citizenship of the various LLC's members.

The amended complaint also contains deficient allegations regarding the citizenship of defendants ANKC San Francisco, LLC ("ANKC"), Andrew Milks, and Sean Ward. The amended complaint alleges that defendant ANKC is "a California limited liability company whose address is 6680 Lockheed Dr., Ste 101, Redding, CA 96002." Docket No. 8 at 1, ¶ 2. This allegation does not identify ANKC's members and their citizenship. Accordingly, the Court is unable to determine ANKC's citizenship.

The amended complaint alleges that defendants Andrew Milks and Sean Ward are "resident[s] of California." *Id.*, ¶¶ 3, 4. Residency, however, is not synonymous with domicile and citizenship. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)); *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").

Because the allegations regarding the parties' citizenship are not well-pled, the Court is unable to determine whether it has jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading

the facts essential to show jurisdiction." (quotations omitted)).  Until the Court is satisfied that it has jurisdiction over this matter, it is unable to address plaintiff's Motion for Hearing/Conference to Set Order to Show Cause [Docket No. 12].  It is therefore

**ORDERED** that plaintiff shall supplement its Rule 7.1 disclosure statement on or before **November 13, 2023** regarding its citizenship.  It is further

**ORDERED** that, regarding the citizenship of defendants, plaintiff shall show cause on or before **November 13, 2023** why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED November 6, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge